UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                         Case No. 3:20-cr-856

         Plaintiff,

v.                                                  ORDER

Amber Marie Dargartz,

         Defendant.

On May 26, 2022, I held a final hearing regarding the revocation of Defendant Amber Marie Dargartz's term of supervised release. I found Dargartz to be in violation of the conditions of her supervised release, revoked her release, and ordered her to serve a term of 60 days with the Federal Bureau of Prisons. (Doc. No. 47). Dargartz has filed a motion to modify her sentence by applying jail time credit for time she served after being arrested but before I entered the order journalizing her sentence for her supervised release violation. (Doc. No. 48). The government opposes Dargartz's motion, arguing I do not have the authority to modify her sentence to give Dargartz credit for her prior time in custody. (Doc. No. 49). I agree and deny Dargartz's motion.

A defendant:

> shall be given credit toward the service of a term of imprisonment for any time [s]he has spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed[,] or . . . as a result of any other charge for which the defendant was arrest after the commission of the offense for which the sentence was imposed[,] that has not been credited against another sentence.

18 U.S.C. § 3585(b)(1)-(2). The Attorney General, acting through the BOP, has the obligation to ensure a defendant is given credit for a qualifying period of prior custody. *United States v. Wilson*, 503 U.S. 329, 334-35 (1992). Moreover, a district court is prohibited from encroaching upon the Attorney General's duty to administer the sentence. *Id.*

While I lack the authority to grant Dargartz the relief she seeks, the government represents the BOP is aware of Dargartz's period of prior custody and has adjusted her release date accordingly. (*See* Doc. No. 49 at 2 (The "BOP currently estimates Defendant's projected release date to be July 19, 2022 . . . .")).

For these reasons, I deny Dargartz's motion to modify her sentence. (Doc. No. 48).

So Ordered.

                                        s/ Jeffrey J. Helmick
                                        United States District Judge